UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAPRII WALLS,<br><br>  Plaintiff,<br><br>vs.<br><br>STUDIO PB, LLC d/b/a PURE BARRE METAIRIE ROAD & NEW ORLEANS and JULIE TAMPLAIN, individually,<br><br>  Defendants. | CIVIL ACTION NO.:<br><br>SECTION:<br><br>MAGISTRATE: |

## COMPLAINT

### INTRODUCTION

NOW INTO COURT through undersigned counsel comes Plaintiff, Kaprii Walls, who files this Complaint against Defendants, Studio PB, LLC d/b/a Pure Barre Metairie Road & New Orleans and Julie Tamplain (collectively "Defendants"), seeking unpaid minimum wages and liquidated damages owed to her for not being paid minimum wage timely in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (hereinafter called the "FLSA"), and a claim for unpaid final wages in excess of the federal minimum wage under Louisiana's Final Wage Payment Act, 23:631, et seq. ("FWPA") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act to recover unpaid overtime wages and liquidated damages and reasonable attorney's fees and costs under the FLSA, 29 U.S.C. §201, *et seq.*

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because Jefferson Parish Louisiana is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be a resident of Louisiana.

5. At all times material hereto Defendant Studio PB, LLC d/b/a Pure Barre Metairie Road & New Orleans was, and continues to be a Louisiana company. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in the Parishes of Jefferson and Orleans in the State of Louisiana.

6. At all times material hereto Defendant Julie Tamplain was, and continues to be, a resident of the State of Louisiana and is engaged in business in Orleans and Jefferson Parishes, State of Louisiana Louisiana.  Tamplain is the General Manager of Pure Barre Metairie Road & New Orleans was directly involved in the event giving rise to the claims set forth herein.

7. Defendants are alleged to be jointly and solidarily liable with as joint employers of Plaintiff.

## PLAINTIFF IS SUBJECT TO THE PROVISIONS OF THE FLSA

8. At all times material hereto, was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

11. At all times material hereto, Defendants were the Plaintiff's "employers" within the meaning of FLSA.

12. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## **DEFENDANTS ARE PLAINTIFF'S JOINT EMPLOYERS**

15. At all times material hereto, Defendants were Plaintiff's "joint employers" within the meaning of FLSA.

16. Specifically, Defendants were so intertwined as to be indistinguishable.

17. Defendants jointly exercised control over the Plaintiff's schedules, rates of pay, how they performed their jobs and the equipment they used to perform their jobs.

18. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## FACTUAL ALLEGATIONS

19. Defendants provide work out an exercise classes to persons in Metairie and New Orleans.

20. On October 10, 2022, Plaintiff worked for Defendants from 5:00 to 8:00 p.m. in the Metairie Road location.

21. Her agreed-upon hourly rate of pay was $10.00.

22. On October 11, 2022, Defendants advised Plaintiff that her services were no longer needed and claimed that they would mail her final pay to her address.

23. However, despite repeated requests in writing that she be paid, Defendants have failed to issue Plaintiff her pay.

24. As a result of Defendants' repeated and unjustified failure to issue her pay, Plaintiff was not paid minimum wage for all hours she worked, nor all of her final pay in excess of minimum wage for the time she worked for Defendants.

## CAUSES OF ACTION

### COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. All previous paragraphs are incorporated as though fully set forth herein.

26. As a result of Defendants' blatant failure to pay Plaintiff any hours that she worked, Plaintiff's wages dipped below the federally-mandated minimum hourly wage rate.

27. Plaintiff is entitled to be paid at the federal minimum wage rate for each she hour worked.

28. At all times material hereto, Defendants have failed to maintain proper time records as mandated by the FLSA.

29. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at a rate equal to the federal minimum wage for all hours worked for Defendants when they knew, or should have known, such was and is due.

30. Defendants have failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

31. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the has suffered lost minimum wage compensation, plus liquidated damages.

32. Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II: FAILURE TO PAY FINAL WAGES

33. All previous paragraphs are incorporated by reference herein.

34. As a result of Defendants' pay policies, Plaintiff was not paid her hourly rate in excess of minimum wage for each hour that she worked.

35. She made formal demand for these wages on November 8, 2022, November 14, 2022, November 21, 2022, December 2, 2022, December 6, 2022 and December 12, 2022; however, she has yet to be paid for any of the time that she worked.

36. Under La. R.S. 23:631, et seq., an employer must pay its employee all final wages on the earlier of the next regular payday or within fifteen days of that employee's resignation or termination. Failure to do so will make the employer liable for penalties in the amount of one days' wages for up to 90 days and mandatory attorneys fees and costs.

37. As such, Plaintiff was entitled to be paid no later than October 25, 2022.

38. Due to Defendants' failure to pay Plaintiff her final wages in full upon demand, plaintiff is entitled to recover her unpaid wages, up to 90 penalty days' wages and attorney's fees and costs.

## ATTORNEY'S FEES

39. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff and the collective action plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

## CONSENT

40. Plaintiff's consent to file this Complaint is evidenced by her signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in their favor and against Defendants, Studio PB, LLC d/b/a Pure Barre Metairie Road and New Orleans and Julie Tamplain:

    a. Declaring that Defendants' actions of failing to pay to Plaintiff at a rate equal to the federal minimum wage rate for all hours that tshe worked for Defendants is in violation of the FLSA;

    b. Declaring that Defendants' actions of failing to pay to Plaintiff her final wages in full within the time mandated by the FWPA is in violation of the FWPA;

    c. Enjoining Defendants from continuing to pay employees in a manner that violates the FLSA and/or FWPA;

d. Awarding the Plaintiff an amount equal to the federal minimum wage rate for all hours worked for Defendants;

e. Awarding the Plaintiff an equal amount in liquidated damages;

f. Awarding Plaintiff the full amount of her unpaid final wages;

g. Awarding Plaintiff 90 days' penalty wages as set forth in the FWPA;

h. Awarding Plaintiff and the Collective Action Plaintiffs attorney's fees and costs;

i. Legal interest from the date of demand; and

j. And other relief to which they may be entitled.

Respectfully submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Plaintiff and the FLSA Collective Action Plaintiffs

**PLEASE SERVE**
**STUDIO PB, LLC D/B/A PURE BARRE**
**METARIE ROAD AND NEW ORLEANS**
**Through its registered agent**
**Mark Conner**
**315 E. William David Pkwy**
**Metairie, LA 70005**

and

**JULIE TAMLIN**
**Wherever she may be found**